# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TERRY W. TURNER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No:**_____ |
| ) | |
| **STURM, RUGER & COMPANY,** ) | |
| **INC. and WINCHESTER** ) | **JURY TRIAL DEMANDED** |
| **AMMUNITION, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Comes now the Plaintiff, Terry W. Turner, and brings this civil action to recover damages against Defendant, Sturm, Ruger & Company, Inc., and Defendant, Winchester Ammunition, Inc. For his cause of action, Plaintiff would show unto this Honorable Court the following, to wit:

## STATEMENT OF THE PARTIES

1.  Plaintiff, Terry W. Turner (hereinafter "Plaintiff"), is a resident citizen of Cleburne County, Alabama and is over the age of nineteen (19) years.

2.  The Defendant, Sturm, Ruger & Company, Inc. (hereinafter "Ruger"), is a for profit corporation organized and existing under the laws of the State of

Delaware with its principal place of business located at 1 Lacey Place, Southport, Connecticut 06890. Ruger does business in Southport, Connecticut, in the State of Alabama, and elsewhere throughout the United States.

3. The Defendant, Winchester Ammunition, Inc. (hereinafter "Winchester"), is a for profit corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 427 North Shamrock Street, East Alton, Illinois 62024. Winchester does business in East Alton, Illinois, in the State of Alabama, and elsewhere throughout the United States.

4. For each of the recent years Ruger has manufactured and sold more than one million firearms in the United States. Each of these firearms has been sold and delivered by Defendant Ruger for the purposes of resale through a distribution chain throughout the United States and the State of Alabama.

## JURISDICTION AND VENUE

5. Plaintiff is a citizen of the State of Alabama. Defendant Ruger is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Connecticut. Defendant Winchester is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Illinois. The amount in controversy, without interest and costs, exceeds the sum of value specified by 28 U.S.C. § 1332.

**STATEMENT OF FACTS**

6.     Plaintiff, Terry W. Turner, is the owner of a M77 Ruger rifle which was manufactured and sold by Defendant, Sturm, Ruger & Company, Inc. (hereinafter "the firearm").

7.     On or about December 14, 2014, Plaintiff was shooting the firearm, which was loaded with Winchester Ballistic Silvertip Rifle Ammunition (hereinafter "ammunition").  As Plaintiff was attempting to fire the firearm, it exploded, causing near amputation of Plaintiff's left thumb at the IP joint.

8.     As a result of the firearm and/or ammunition's malfunction, Plaintiff was forced to undergo surgery, follow-up medical treatment, and to miss approximately eleven (11) weeks of work.

9.     As a direct and proximate cause of Defendants' tortious, negligent, and/or wanton conduct, Plaintiff suffers and will continue to suffer the adverse physical, mental, and emotional effects of his injury for the rest of his natural life.

**GENERAL ALLEGATIONS**

10.     Defendants, at all times material hereto, either personally or through an agent or representative:

   a.     Operated, conducted, engaged in or carried on a business venture in Alabama, and/or the United States, and/or has an office or agency in this State, and/or in this country; and/or

      b.      Was engaged in the solicitation and/or performance of service activities within the State; and/or

      c.      Delivered products which it manufactured to Alabama including the subject firearm, in the ordinary course of commerce, trade or use; and/or

      d.      Was engaged in substantial and not isolated activity within the State.

11. Ruger and Winchester designed, tested, developed, manufactured, marketed, advertised, distributed and sold the subject firearm and ammunition, respectively, that caused the harm and injury of Plaintiff.

12. Ruger and Winchester caused the subject firearm and ammunition, respectively, to be distributed and sold in various states within the United States, including the State of Alabama where Plaintiff resides.

13. Ruger and Winchester expected the firearm and ammunition, respectively, to reach the user, including the Plaintiff, in substantially the same condition it was in when it was manufactured and when it left their custody and control and/or their agents and representatives.

14. Plaintiff purchased the firearm and ammunition and maintained it in a condition which was without substantial change from the condition it was in when it left the custody and control of the Defendants and/or their agents and representatives.

15. Plaintiff was using and operating the firearm and ammunition for the purpose and in the manner for which it was intended to be used, and in a manner that was foreseeable to Defendants.

16. As a direct and proximate cause of Defendants' tortious, negligent, and/or wanton conduct, Plaintiff suffers and will continue to suffer the adverse physical, mental, and emotional effects of his injury for the rest of his natural life.

## COUNT I
## NEGLIGENCE OF DEFENDANT RUGER

17. Plaintiff realleges the allegations of paragraphs one (1) through sixteen (16) above and incorporates them herein.

18. At all times material hereto, Defendant Ruger owed a duty of reasonable care to Plaintiff and to other foreseeable users of the firearm to design, equip, and manufacture the firearm in a manner safe for its foreseeable users.

19. Defendant Ruger negligently breached the duty of care owed to Plaintiff in one or more of the following ways:

    a. failing to use and apply good, safe, usual, prevailing, and reasonable engineering principles and standards in designing, equipping, manufacturing, marketing, and distributing the firearm;

    b. failing to maintain proper records and data of incidents, complaints, malfunctions, inspections, and testing;

    c. failing to adequately design, manufacture, test and monitor the subject model firearm;

      d.     failing to warn of all of the above; and

      e.     other acts of negligence to be determined through discovery.

20.    Defendant Ruger negligently designed the firearm.

21.    It could have been reasonably anticipated by Defendant Ruger that the firearm would become inherently or imminently dangerous to human life or health when put to its intended, ordinary, and customary use.

22.    The firearm became inherently or imminently dangerous to human life or health when put to its intended, ordinary, and customary use.

23.    The firearm, when placed on the market, was inherently or imminently dangerous to human life or health.

24.    As a direct and proximate cause of Defendant Ruger's negligence, Plaintiff was caused to suffer harm and injury.

WHEREFORE, Plaintiff demands judgment against Defendant Ruger for all damages, including punitive damages, costs, and such interest and attorney's fees as may be allowed by law, and demands trial by jury on all issues so triable.

## COUNT II
## NEGLIGENCE OF DEFENDANT WINCHESTER

25.    Plaintiff realleges the allegations of paragraphs one (1) through twenty-three (23) above and incorporates them herein.

26. At all times material hereto, Defendant Winchester owed a duty of reasonable care to Plaintiff and to other foreseeable users of the ammunition to design, equip, and manufacture said ammunition in a manner safe for its foreseeable users.

27. Defendant Winchester negligently breached the duty of care owed to Plaintiff in one or more of the following ways:

   a. failing to use and apply good, safe, usual, prevailing, and reasonable engineering principles and standards in designing, equipping, manufacturing, marketing, and distributing the ammunition;

   b. failing to maintain proper records and data of incidents, complaints, malfunctions, inspections, and testing;

   c. failing to adequately design, manufacture, test and monitor the subject ammunition;

   d. failing to warn of all of the above; and

   e. other acts of negligence to be determined through discovery.

28. Defendant Winchester negligently designed the subject ammunition.

29. It could have been reasonably anticipated by Defendant Winchester that the ammunition would become inherently or imminently dangerous to human life or health when put to its intended, ordinary, and customary use.

30. The ammunition became inherently or imminently dangerous to human life or health when put to its intended, ordinary, and customary use.

31. The ammunition, when placed on the market, was inherently or imminently dangerous to human life or health.

32. As a direct and proximate cause of Defendant Winchester's negligence, Plaintiff was caused to suffer harm and injury.

WHEREFORE, Plaintiff demands judgment against Defendant Winchester for all damages, including punitive damages, costs, and such interest and attorney's fees as may be allowed by law, and demands trial by jury on all issues so triable.

## COUNT III
## ALABAMA EXTENDED MANUFACTURERS' LIABILITY DOCTRINE

33. Plaintiff realleges the allegations of paragraphs one (1) through thirty-two (32) above and incorporates them herein.

34. At the time of the incident made the basis of this lawsuit, and for a substantial period of time prior thereto, Defendants were engaged in the business of designing, manufacturing and/or having manufactured, selling, delivering, and/or distributing the subject firearm and ammunition throughout the United States, including the state of Alabama, for use by certain members of the general public. Defendants, during said period of time and for valuable consideration, designed, manufactured, or had manufactured to its specifications, and then sold, delivered, and/or distributed the subject firearm and ammunition which injured the Plaintiff.

35. The firearm and ammunition was in substantially the same condition as when it was manufactured, sold, and/or distributed by Defendants and was being used in a manner that was foreseeable and for its intended use. The firearm and/or ammunition was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to consumers when being so used. Defendants knew or, in the exercise of reasonable care, should have known that the firearm and/or ammunition was unreasonably dangerous to consumers when being used in a foreseeable manner.

36. The foregoing wrongful conduct of Defendants was a proximate cause of Plaintiff's injury and renders Defendants liable to Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, Plaintiff demands judgment against the Defendants for all damages, including punitive damages, costs, and such interest and attorney's fees as may be allowed by law, and demands trial by jury on all issues so triable.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY DEFENDANT RUGER

37. Plaintiff realleges the allegations of paragraphs one (1) through thirty-six (36) above and incorporates them herein.

38. No privity of contract between Plaintiff and Defendant Ruger is required and a breach of implied warranty of merchantability exists against all

sellers of goods, including the manufacturer, in favor of any injured person if it was reasonable to expect that such persons as Plaintiff would be affected by the breach of warranty.

39. Defendant Ruger was a merchant, or seller, or manufacturer with respect to the subject firearm.

40. Defendant Ruger sold and/or manufactured the subject firearm.

41. The firearm was being used for the ordinary purposes for which it was intended.

42. The firearm was defective, or un-merchantable, i.e., not fit for the ordinary purposes for which the product was intended.

43. The defect in the firearm proximately caused injury to Plaintiff.

44. Defendant Ruger was on notice of the breach of implied warranty at the time the firearm was manufactured and distributed by Defendant. Defendant Ruger knew, or should have known, about the defects.

WHEREFORE, Plaintiff demands judgment against the Defendant Ruger for all damages, including punitive damages, costs, and such interest and attorney's fees as may be allowed by law, and demands trial by jury on all issues so triable.

# COUNT V
# BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY BY DEFENDANT WINCHESTER

45.  Plaintiff realleges the allegations of paragraphs one (1) through forty-four (44) above and incorporates them herein.

46.  No privity of contract between Plaintiff and Defendant Winchester is required and a breach of implied warranty of merchantability exists against all sellers of goods, including the manufacturer, in favor of any injured person if it was reasonable to expect that such persons as Plaintiff would be affected by the breach of warranty.

47.  Defendant Winchester was a merchant, or seller, or manufacturer with respect to the subject ammunition.

48.  Defendant sold and/or manufactured the ammunition.

49.  The ammunition was being used for the ordinary purposes for which it was intended to be used.

50.  The ammunition was defective, or un-merchantable, i.e., not fit for the ordinary purposes for which the product is used.

51.  The defect in the ammunition proximately caused injury to Plaintiff.

52.  Defendant Winchester was on notice of the breach of implied warranty at the time the ammunition was manufactured and distributed by Defendant Winchester.  Defendant knew, or should have known, about the defects.

WHEREFORE, Plaintiff demands judgment against the Defendant Winchester for all damages, including punitive damages, costs, and such interest and attorney's fees as may be allowed by law, and demands trial by jury on all issues so triable.

## COUNT VI
## STRICT LIABILITY IN TORT –
## RESTATEMENT (SECOND) OF TORTS § 402A

53. Plaintiff realleges the allegations of paragraphs one (1) through fifty-two (52) above and incorporates them herein.

54. Defendants designed the subject firearm and ammunition with the defects, rendering the firearm and ammunition inherently dangerous, and creating a substantial, clear, extreme and unreasonable risk of serious injury or death to Plaintiff. Defendants manufactured, assembled, marketed, distributed, and sold the firearm and ammunition with the defects. The firearm and ammunition were in the same defective condition due to the defects from the time it left Defendants' control until it reached Plaintiff, and Plaintiff used the firearm and ammunition in the manner intended by Defendants.

55. The subject firearm and ammunition were sold in substantial and unreasonably dangerous conditions to an extent beyond that which would be contemplated by the ordinary consumer, including, Plaintiff.

56. As a direct and proximate result of the facts alleged above, Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury or death from the defects and has suffered serious injury as a result.

57. Defendants are strictly liable in tort for all injuries, damages, and losses that have or may result from the unintentional and unwanted malfunction/explosion of the firearm and ammunition.

WHEREFORE, Plaintiff demands judgment against the Defendants for all damages, including punitive damages, costs, and such interest and attorney's fees as may be allowed by law, and demands trial by jury on all issues so triable.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CAUSES IN THE ABOVE COMPLAINT.**

Dated this the 14th day of December, 2016.

/s/ M. Todd Wheeles
M. Todd Wheeles (ASB-5177-I65W)
Attorney for Plaintiff

**OF COUNSEL:**

**MORRIS HAYNES WHEELES KNOWLES & NELSON**
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama  35243
Telephone:  (205) 324-4008
Facsimile:  (205) 324-0803
Email:   twheeles@mhhlaw.net

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:**

Sturm, Ruger, & Company, Inc.
1 Lacey Place
Southport, CT  06890

Winchester Ammunition, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801